

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-4395
Re: Can the provisions of Article
696a, Penal Code, "dumping
refuse near highway" apply
to situations where junk deal-
ers and wrecking companies
have established themselves
adjacent to highways of this
state and accumulated large
amounts of discarded materials
and junk in their salvaging
operations?

We are in receipt of your letter of February 5,
1942, as follows:

"In many sections of the State, Junk Deal-
ers, Wrecking Concerns and others have estab-
lished themselves adjacent to the highways of
this state and accumulate large amounts of un-
sightly materials and discarded junk in their
salvaging operations for saleable parts.

"Useable and saleable parts of wrecked cars
and other items are removed and stored for sale
while the demolished hulls of automobiles and
other worthless items are left scattered around
near the highways. In many instances when these
scrap heaps grow very large the site is abandoned
for a new location and the operation starts over
again.

"Please advise, if in your opinion, Senate
Bill Number 103, Chapter 53, Sections 1 and 2
of the General and Special Laws applies as a
means of control in an attempt to regulate this
practice."

We assume that the situations under discussion apply only where such companies have removed all saleable or valuable parts of wrecked automobiles and junk and not to situations where automobiles or other materials are stored in ordinary stock pile used by such companies in their ordinary course of business.

Senate Bill No. 103, Chapter 53 of the 40th Legislature is Article 696a of the Penal Code of Texas which reads as follows:

"Sec. 1.   That no municipal corporation, private corporation, partnership, joint stock association, syndicate, voluntary association or person shall use or maintain any dumping ground or dump any trash, refuse, debris or dead animals or permit the same to remain within or nearer than three hundred yards of any public highway of the State of Texas; that no person, firm or corporation, as above named, shall dump or deposit any rubbish, trash, refuse, debris or dead animals within or nearer than three hundred yards of any public highway whether said land belongs to such person, firm or corporation or not; provided, however, that the provisions of this Act shall not affect farmers in the handling of anything necessary in the growing, handling and care of livestock, or the erection, operation and maintenance of any and all such improvements that may be necessary in the handling, thrashing and preparation of any and all agricultural products.

"Sec. 2.   Any violation of this Act by any person, firm or private corporation shall subject the offender to a fine of not less than ten dollars nor more than two hundred dollars, and each day of any such violation shall be a separate offense.   In event of any threatened or probable violation of this Act by any public corporation, municipality, city, town or village, an injunction suit may be brought to prevent any such threatened or probable violation by any county or district attorney, or by any private individual affected or to be affected by any such threatened or probable violation. The enforcement of the remedy by injunction as

herein provided shall not prevent the enforcement
of the other penalties provided in this Act.
(Acts 1927, 40th Leg., 1st C. S., p. 153, ch. 53.)"

In order to properly interpret the above statute,
it is necessary to define the various terms mentioned therein
which are as follows:

"Trash", as defined by Webster's New International
Dictionary, "means something no longer useful or useable;
worthless thing or things".

"Refuse", as defined by Words and Phrases, Vol. 36,
p. 643, "is that which is refused or rejected as useful or
worthless; waste".

"Rubbish", as defined by Webster's New International
Dictionary, "is defined as waste or rejected matter".

"Debris", as defined by Webster's New International
Dictionary, "is rubbish such as results from the breaking
down or destruction of anything; remains; ruins".

"Dumping ground", as defined by Words and Phrases,
Vol. 13, p. 631, "is a yard used for waste and other materials".

In Lambert vs. City of Port Arthur, 22 S. W. 2d 321,
the Court of Civil Appeals discusses portions of Article 696a
and cites Webster's New International Dictionary which de-
fined dump "to drop down, to deposit something in a heap or
unshaped mass as from a cart or basket", and again "to un-
load, as from a cart by tilting it". With such definitions
the court held that the City of Port Arthur violated the
above statute in dumping garbage and pieces of old scrap
iron, tin cans and other trash of similar nature and also
"wet" garbage in trenches located within the prohibited dis-
tance to its public streets.

We therefore believe that the provisions of Arti-
cle 696a may be applied to situations where junk dealers
have left demolished hulls of automobiles and other worth-
less items scattered near the highways or in heaps which
are later abandoned. We expressly point out, however, that
in cases of criminal prosecutions the local prosecuting at-
torneys may differ with the representatives of the highway

Honorable D. C. Greer, Page 4


department in the sufficiency of the evidence as to whether
or not such materials come within the meaning of the above
statutes and definitions.

We believe that the case of Grissom vs. State,
43 S. W. (2d) 580 and 583, will be helpful in the prepara-
tion of the complaint and information in which the above
situations are involved by applying the following language:

"* * * Because the statute declares that
each day may be a separate offense is not neces-
sarily the controlling factor. If the state de-
sired to secure convictions for more than one
offense (it being a misdemeanor) as occurring on
different days during a specified period of time,
then this court seems to be committed to the
proposition that it would be necessary to allege
in separate counts in the indictment the commis-
sion of the offense on the several days for which
convictions are sought. If, however, the offense
is a continuous one, the state may secure a single
conviction for the commission of this continuous
offense by alleging in a single count that it was
committed between days stated and on each inter-
vening day. The fact that the statute provides
that each day may be a separate offense would not
render such an indictment vicious for duplicity.
* * *"

We trust that the foregoing will be sufficient to
advise you in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Alfred F. Herbelin
Assistant

APPROVED FEB 24, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

AFH:mp